**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | |
|---|---|
| **PAC-VAN, INC.,** | § |
| **Plaintiff** | § |
| | § |
| **v.** | § CIVIL ACTION NO. _____ |
| | § |
| **CHS, INC. d/b/a CHS COOPERATIVES,** | § |
| **Defendant** | § |

**NOTICE OF REMOVAL OF ACTION**
**UNDER 28 U.S.C. §§ 1332 and 1441(a) (DIVERSITY)**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant CHS, Inc. d/b/a CHS Cooperatives ("CHS") hereby petitions this Court

pursuant to 28 U.S.C. §§ 1332 and 1446 for removal, on the basis of diversity

jurisdiction, to the United States District Court for the Southern District of Texas,

Galveston Division, of the action styled *Pac-Van, Inc. v. CHS, Inc. d/b/a CHS*

*Cooperatives,* Cause No. 12-CV-2248, currently pending in the 212th Judicial District

Court, Galveston County, Texas (the "State Court case") and in support thereof would

respectfully show this Court as follows:

**I.**
**FACTS**

1.      Plaintiff filed the State Court case on October 17, 2012, seeking a

declaratory judgment regarding Defendant's alleged duty to defend and indemnify

Plaintiff in connection with the underlying lawsuit: *Cause No. 10-CV-1500; Charles*

*Vastine v. Lee Strube, Tanya Koch and Pac-Van, Inc.* in the 405th Judicial District Court

of Galveston County, Texas.   The underlying case was filed in the 405th Judicial District

Court of Galveston County.   Plaintiff has also asserted causes of action for breach of

contract and negligence.   Defendant denies that there has been any breach of a duty to defend or indemnify Plaintiff.

2.      Plaintiff is seeking damages in excess of $75,000.00, exclusive of interest and costs.   Plaintiff's petition states "As a result of Defendant's breach, Plaintiff incurred damages in the way of settlement payments ($172,500.00), attorney's fees and expenses ($29,786.86), mediation fees ($700), expenses and court costs from the *Vastine* lawsuit." Petition at VII.

3.      CHS first received notice of the filing of Plaintiff's Original Petition and Citation on October 26, 2012, when service was accomplished on it.      CHS filed its Original Answer on November 16, 2012.   A true and correct copy of all pleadings, process, orders, and correspondence served in this action is attached hereto as Exhibit "A" and incorporated herein by reference.   CHS has filed this notice of removal within the time prescribed by 28 U.S.C. §1446(b).

4.      Plaintiff has made a jury demand in the State Court case.

5.      Complete diversity exists between the Plaintiff and Defendant now and so existed on the date of filing of the State Court case.

6.      CHS is an insurance company incorporated in the State of Minnesota with its statutory home office in Inver Grove Heights, Minnesota.   CHS is a citizen of the State of Minnesota and not the State of Texas.

7.      Plaintiff is a citizen and resident of the State of Indiana.

8.      This case also satisfies the $75,000.00 minimum amount in controversy requirement for diversity jurisdiction.   *See* 28 U.S.C. § 1332(a).   Plaintiff specifically pleads that it is suing for damages in excess of $202,986.86. Petition at ¶ VII.

**II.**
**PROCEDURAL REQUIREMENTS**

9.      This action is a civil action which may be removed to this Court by CHS pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1332(a) in that it is between citizens of different states; it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs; and CHS is not a citizen of the State of Texas.

10.      Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

11.      Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the 405th Judicial District Court of Galveston County, Texas promptly after the filing of this Notice.

12.      Attached hereto and incorporated herein, are the following items:

Exhibit A:      A true and correct copy of all pleadings, process, and orders served in this action.

Exhibit B:      State Court docket sheet.

Exhibit C:      List of all counsel of record.

Exhibit D:      Index of all documents filed with the Court.

WHEREFORE, PREMISES CONSIDERED, Defendant CHS, Inc. d/b/a CHS Cooperatives requests that this action be removed from the 405th Judicial District Court of Galveston County, Texas to the United States District Court for the Southern District of Texas, Galveston Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

HANNA & PLAUT, L.L.P.
211 E. Seventh Street, Suite 600
Austin, Texas 78701
Telephone:    (512) 472-7700
Facsimile:    (512) 472-0205

By: */s/ Catherine L. Hanna*
     Catherine L. Hanna
     State Bar No. 08918280
     Southern District ID:  13577
     Attorney-in-Charge
     Eric S. Peabody
     State Bar No. 00789539
     Southern District ID:  28229

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

In accordance with the Federal Rules of Civil Procedures, I hereby certify that a true and correct copy of the foregoing document was served November 20, 2012, by facsimile as follows:

***Via facsimile (713) 337-0760***
Karen M. Alvarado
David E. Brothers
Two Memorial City Plaza
820 Gessner, Suite 1075
Houston, Texas 77024

*/s/ Catherine L. Hanna*
Catherine L. Hanna

# EXHIBIT "A"

Filed
12 November 16 A11:48
Doryn Danner Glenn
District Clerk
Galveston District

CAUSE NO. 12-CV-2248

| | | |
|---|---|---|
| PAC-VAN, INC. | § | IN THE DISTRICT COURT OF |
|     Plaintiff, | § | |
| | § | |
| v. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| CHS, INC. D/B/A CHS COOPERATIVES | § | |
|     Defendant. | § | 212th JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW CHS Inc. d/b/a CHS Cooperatives, Defendant in the above-entitled and numbered cause, and file this its Original Answer and General Denial to Plaintiff's Original Petition, and would respectfully show the Court the following:

### I.
### GENERAL DENIAL

Pursuant to TEX. R. CIV. P. 92, Defendant denies each and every, all and singular, the allegations set forth in Plaintiff's Original Petition and demand strict proof thereof at the final trial of this case.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that upon final hearing hereof, Plaintiff take nothing by his suit, that Defendant be discharged with their costs; and that Defendant have such other and further relief to which it may be justly entitled.

4

Respectfully submitted,

HANNA & PLAUT, L.L.P.
The Littlefield Building
106 East Sixth Street, Suite 520
Austin, Texas 78701
Telephone:     (512) 472-7700
Facsimile:     (512) 472-0205

By: _____
        Catherine L. Hanna
        State Bar No. 08918280
        Eric S. Peabody
        State Bar No. 00789539

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been delivered by facsimile, on this 16th day of November, 2012 to:

*Via facsimile (713) 337-0760*
Karen M. Alvarado
David E. Brothers
Two Memorial City Plaza
820 Gessner, Suite 1075
Houston, Texas 77024

_____
Catherine L. Hanna

*Defendant's Original Answer*

Page 2

5

## CITATION

### THE STATE OF TEXAS

**PAC-VAN, INC. VS. CHS, INC.,D/B/A CHS COOPERATIVES**

Cause No.: 12-CV-2248

212th District Court of Galveston County

12-CV-2248
DCC088
Citation Issuance -- Work Product
004388

TO:   CHS Inc., D/B/A CHS Cooperatives
      Registered Agent CT Corporation Systems
      350 N St Paul Street Suite 2900
      Dallas TX 75201

GREETINGS: YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days from the date you were served this citation and petition/motion, a default judgment may be taken against you.

Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. The case is presently pending before the 212th District Court of Galveston County sitting in Galveston, Texas, and the ; Original Petition - OCA was filed ; October 17, 2012. It bears cause number 12-CV-2248 and see the attached petition/motion for named parties to the suit.

Issued and given under my hand and the seal of said court at Galveston, Texas, on this the 18th day of October, 2012.

Issued at the request of:
Karen M Alvarado, Atty at Law
Brothers Sepulveda & Alvarado PC
Two Memorial City Plaza
820 Gessner Suite 1075
Houston TX 77024
SEE ATTACHED FORM
NOTE: Status Conference set: 01/17/2013 at 9:00 A.M.



Doryn Danner Glenn, District Clerk
Galveston County, Texas

By: _____
      David R. Kaplan, Deputy

### OFFICER/AUTHORIZED RETURN

Came to hand on the _____ day of _____, 20___ at _____ o'clock ___. M. and executed at_____ the _____ day of _____, 20___ at _____ o'clock ___m, by delivering to_____in _____County, Texas , on person a true copy of this Citation together with the accompanying _____ copy(ies) of the ; Original Petition - OCA attached thereto and I endorsed on said copy of the Citation the date of delivery. To certify which I affix my hand officially this the _____ day of _____, 20___.

Fee-Serving: _____

Amount: _____

_____
Sheriff/Constable

_____
County, Texas

BY: _____
Authorized Person/Deputy Signature

On this day personally appeared _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being duly sworn by me, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

Sworn to and subscribed before me, on this _____ day of _____ 20____

_____
Notary Public

6

Filed
12 October 24 A10:12
Doryn Danner Glenn
District Clerk
Galveston District

# THE DISTRICT COURTS OF GALVESTON COUNTY
## CIVIL CASE INFORMATION STATEMENT

| The case Information Statement is for administrative purposes only. It shall be filed with the Parties Original Pleadings and shall be served upon all other parties to the action. All Status Conferences will be set for Thursdays following 90 days from the date of filing according to each Courts scheduled times | |
|---|---|
| 10th District Court – 9:00 A.M. | 212th District Court – 9:00 A.M. |
| 56th District Court – 9:30 A.M. | 405th District Court – 10:00 A.M. |
| 122nd District Court – 9:30 A.M. | |

## Notice of Status Conference Setting: Please calendar this event
### Date 01/17/2013 set in the 212th District Court

### 12-CV-2248 - 212th District Court

### Pac-Van, Inc. vs. CHS, Inc.,d/b/a CHS Cooperatives

| Name of Primary Attorney filing this form | Name of Opposing Attorney, if known |
|---|---|
| Attorney Name<br>David E. Brothers | Attorney Name |
| Attorney Bar No.<br>03084300 | Attorney Bar No. |
| Attorney Address<br>820 Gessner, Suite 1075, Houston, TX 77024 | Attorney Address |
| Attorney Phone No.   713/337-0750 | Attorney Phone No. |
| Attorney Fax  No.   713/337-0760 | Attorney Fax  No. |

Briefly describe the case, including special characteristics that may warrant extended discovery or accelerated disposition.
If discovery LEVEL 3 is requested, explain why.  Attach additional sheets, if necessary.

Estimated time for discovery   *8 months*

Estimated trial time   *3 days*

Do you presently anticipate adding any parties?   *No*

If so when?

Level Assignment Preferred: (please check one)

| Level 1<br>$50,000 or less | Level 2<br>All Other Cases | Level 3<br>Court Order Only |
|---|---|---|

Is this case suitable for ADR? (yes or no)   *Yes*     ADR Method?   *Mediation*

Signature of Attorney   *David E. Brother*     Date signed   *10/23/12*

Printed Name of Attorney:   David E. Brothers

**7**

## 212TH DISTRICT COURT
# CASE SUMMARY
## CASE NO. 12-CV-2248

Doryn Danner Glenn
CLERK DISTRICT COURT
FILED 9:51 AM
NOV 2 0 2012
GALVESTON COUNTY TEXAS
212th District Court
DEPUTY

Pac-Van, Inc. vs. CHS, Inc., d/b/a CHS Cooperatives

§
§
§
§
§

Location: 212th District Court
Judicial Officer: Criss, Susan
Filed on: 10/17/2012

### CASE INFORMATION

Case Type: Contract - Other

| DATE | CASE ASSIGNMENT |
|------|------|

**Current Case Assignment**

| | |
|---|---|
| Case Number | 12-CV-2248 |
| Court | 212th District Court |
| Date Assigned | 10/17/2012 |
| Judicial Officer | Criss, Susan |

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| Plaintiff | Pac-Van, Inc. | Alvarado, Karen M.<br>*Retained*<br>713-337-0750(W) |
| Defendant | CHS, Inc. | Hanna, Catherine L.<br>*Retained*<br>5124727700(W) |

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|------|------|------|
| 10/17/2012 | Original Petition - OCA<br>Party: Plaintiff Pac-Van, Inc.<br>*E-Filed.* | |
| 10/17/2012 | Information Sheet - for Case Filing | |
| 10/17/2012 | Request for Service<br>*Fee paid for 1 Cit. @ 8.00.* | |
| 10/18/2012 | Citation Issuance - Work Product<br>Party: Defendant CHS, Inc.<br>*Service has been issued on 10/18/12, M Cit to Law firm as per Tyanne - Mr. Brothers Secretary* | |
| 10/24/2012 | Information Sheet - for Case Filing | |
| 11/16/2012 | Original Answer<br>Party: Defendant CHS, Inc. | |
| 01/17/2013 | **Status Conference (9:00 AM) (Judicial Officer: Criss, Susan)** | |

| DATE | FINANCIAL INFORMATION | |
|------|------|------|
| | **Attorney Brothers, David E.**<br>Total Charges<br>Total Payments and Credits<br>**Balance Due as of 11/20/2012** | 283.75<br>283.75<br>0.00 |

8

*Printed on 11/20/2012 at 9:22 AM*

## 212TH DISTRICT COURT
# CASE SUMMARY
## CASE NO. 12-CV-2248

**Attorney** Hanna, Catherine L.
**Total Charges**                                                2.00
**Total Payments and Credits**                                   2.00
**Balance Due as of 11/20/2012**                                 0.00

**9**

32pg.

Filed
12 October 17 P3:00
Doryn Denner Glenn
District Clerk
Galveston District

No. 12CV2248

| PAC-VAN, INC. | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| CHS, INC. D/B/A CHS COOPERATIVES | § | 212th  JUDICIAL DISTRICT |

## Plaintiff's Original Petition

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, PAC-VAN, INC. ("Plaintiff"), Plaintiff, complaining of CHS, Inc., d/b/a CHS Cooperatives ("Defendant"), Defendant, and respectfully shows the Court as follows:

### I. Discovery Control Plan

This Petition is being filed under Level 2 of the Rule 190.1.

### II. Parties

Plaintiff is an Indiana corporation doing business in the State of Texas and is a proper party to this lawsuit.

Defendant, CHS, Inc., d/b/a CHS Cooperatives, a Minnesota corporation doing business in the State of Texas may be served through their registered agent CT Corporation Systems, 350 N. St. Paul Street, Ste. 2900, Dallas, Texas 75201.

### III. Venue & Jurisdiction

Venue is proper in Galveston County pursuant to the terms of the September 26, 2008 Master Lease Agreement and Rental Agreement ("Contract") between Plaintiff and Defendant [Ex. 1]. Specifically, the Contract (more fully described below) stipulates that Plaintiff and Defendant consent and submit to personal jurisdiction over them in any court in Galveston County. In addition, the terms provide that any claim or matter arising under or in connection with the Master Lease

S/C - 1/17/13 -1-

P:\Hanover\Vandex\Pleadings\Org Pet- Breach of K.wpd

E-Filed 10/17/12

10

Agreement or any Rental Agreement may be filed and adjudicated in any state or federal court in Galveston County, Texas.  Further, venue is proper pursuant to Section 15.002 of the Texas Civil Practices & Remedies Code, because the underlying incident which forms the basis of this suit occurred in Galveston County, Texas, and Defendant does business in Galveston County, Texas.

Plaintiff seeks monetary damages within the jurisdictional limits of this Court.

### IV. Facts of the Case

On May 28, 2010, non-party Charles Vastine filed Cause No. 10CV1500 styled *Charles Vastine v. Lee Strube; Tanya Koch; and Pac-Van, Inc.* in the 405th Judicial District Court of Galveston County, Texas against Pac-Van ("Vastine lawsuit") [Ex. 2].  Mr. Vastine's wife, Holly Vastine, later joined the lawsuit as a Plaintiff [Ex. 3].  Vastine, an employee of Defendant, alleged he suffered personal injuries when he fell through the floor in a work trailer leased from Plaintiff by Defendant.  The lease between Plaintiff and Defendant was governed by the terms and conditions of the September 26, 2008 Master Lease Agreement and Rental Agreement between Plaintiff and Defendant.

The Contract at issue required that Defendant, at its own expense and at all times, maintain the leased equipment in good and safe condition. [Exh. 1].  Further, Defendant assumed the entire risk of loss or damage to the leased equipment. *Id.*

The insurance paragraph of the Contract provided as follows:

INSURANCE: Lessee, at its own expense, shall insure for risks of loss or damage. Lessee must carry commercial general liability insurance insuring both Lessor and Lessee against loss.  The general liability insurance amounts must not be less than $1,000,000 bodily injury per person, $1,000,000 bodily injury per occurrence, $1,000,000 property damage per occurrence, and Lessor must be named as an additional insured.  Lessee must carry fire, windstorm and extended coverage casualty insurance for the the agreed upon value of the leased equipment and Lessor

P:\Remove\Vastine\Findings\Orig Pet- Breach of K.wpd

11

must be named as the loss payee. Lessee shall provide Lessor with a Certificate of Insurance documenting compliance with the insurance requirements as stipulated in this Master Lease Agreement. The Certificate must be received at the Lessor's Corporate Office, 2995 South Harding Street, Indianapolis, Indiana, 46225. The required insurance policy shall be procured with a company having an AM Best rating of no less than A-VI. Lessee shall require the insurance company providing the policy to endeavor to provide notice of any change at least 30 days prior to the effectiveness thereof.

As stated above, the Contract required that Defendant, at its own expense, carry commercial general liability insurance insuring both Lessor (Plaintiff) and Lessee (Defendant) against loss. The Contract specifically requires that **"Lessee, at its expense, shall insure for risks of loss or damage."** [Ex. 1]. The Contract also requires that the insurance policy name Plaintiff as an additional insured and that it not be less than $1,000,000 bodily injury per person and $1,000,000 per occurrence. In addition, Defendant was required to provide Plaintiff with a Certificate of Insurance documenting compliance with the insurance requirements as stipulated. As a result of the lawsuit referenced above, Pac-Van, Inc. was required to defend Mr. Vastine's legal accusations against it. Plaintiff tendered to Defendant the underlying lawsuit and demanded a legal defense and coverage for Mr. Vastine's claims for damages. In the end, it was determined that Defendant did not comply with its contractual obligations and did not procure an insurance policy to protect Plaintiff from the underlying lawsuit. Further, Defendant declined to provide a defense or protection, regardless of the presence or absence of insurance coverage, for Plaintiff from the underlying lawsuit [Ex. 4]. Therefore, Plaintiff was forced to defend itself, to incur a substantial sum of money in attorney's fees and expenses, and to settle the underlying lawsuit for a reasonable amount to avoid the risk of trial.

F:\Hanover\Vastine\Pleadings\Orig Pet - Breach of K.wpd

12

## V. Breach of Contract

As previously stated, Defendant was responsible for maintaining the trailer in good and proper working order. By virtue of the allegations made in the *Vastine* lawsuit, it is apparent that the Defendant failed to comply with the stated terms of the contract. Defendant knew about the need for maintenance, particularly the floor of the trailer, yet refused to repair the floor in compliance with the contract. As a direct result of Defendant's failure to comply with the terms of the contract, Mr. Vastine was injured and the Plaintiff was sued. Defendant's breach of the contractual obligations has resulted in damages to this Plaintiff in excess of the jurisdictional limits of this court.

In addition, during the pendency of the *Vastine* lawsuit, Plaintiff made demands on Defendant and its insurance carrier to fulfill the obligations under the terms of the contract by providing Plaintiff a legal defense and insurance coverage/protection for the lawsuit. Defendant denied any responsibility for the *Vastine* matter despite its clear assumption of the maintenance and all risks associated with the trailer itself. Further, neither Defendant nor its insurance carrier provided to Plaintiff a legal defense and/or insurance coverage/protection for the underlying lawsuit. As a result of Defendant's breach of the terms and conditions of the contract, Plaintiff was required to defend itself, to incur a substantial sum of money in attorneys' fees and expenses, and to settle the underlying lawsuit for a reasonable amount to avoid the risk of trial. Defendant has not reimbursed Plaintiff for the settlement of the claims made by Mr. Vastine in direct contravention of its obligations under the Contract.

F:\Houston\Vastine\Pleadings\Orig. Pet- Breach of K.wpd

## VI. Negligence

Pleading further, and in the alternative, as a term of the Contract, Defendant was responsible for maintaining the trailer in good and proper working order. Defendant negligently failed to do so resulting in the accident made the basis of the underlying lawsuit.

Further, Defendant negligently failed to fulfill its insurance obligations under the contract by not acquiring insurance coverage for Plaintiff per the express terms of the insurance paragraph of the Contract cited above.

## VII. Damages

As a result of Defendant's breach, Plaintiff incurred damages in the way of settlement payments ($172,500.00), attorney's fees and expenses ($29,786.86), mediation fees ($700.00), expenses and court costs from the *Vastine* lawsuit. Additionally, pursuant to the contract between CHS and Pac-Van, the prevailing party in a claim, dispute, or proceeding arising under or in connection with the lease contract, is entitled to recover all expenses, including reasonable attorney's fees. Further, under CPRC Sec. 38.001, Plaintiff is entitled to attorneys fees for Defendant's breach of contract. Therefore, Plaintiff further seeks reimbursement for the attorneys fees and expenses required to bring this action, pre-judgment interest, post judgment interest and costs of court as allowed by law.

## VIII. Pleading to the Court Only

## **NOT TO BE READ TO THE LADIES AND GENTLEMEN OF THE JURY**

The real party in interest is The Hanover Insurance Company who is subrogated to the rights of Pac-Van, Inc. as of March 20, 2012, the date on which the Final Judgment in the underlying lawsuit was signed and entered.

- 5 -

P:\Hanover\Vastine\Pleadings\Orig Pet- Breach of K.wpd

14

## IX. Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final trial hereof, Plaintiff recovers from said Defendant actual damages, pre-judgment interest, post judgment interest and costs of court as allowed by law and all equitable relief to which Plaintiff may be entitled.

Respectfully submitted,

BROTHERS, SEPULVEDA & ALVARADO, P.C.

By: _____
Karen M. Alvarado
State Bar No. 11067050
David E. Brothers
State Bar No. 03084300
Two Memorial City Plaza
820 Gessner, Suite 1075
Houston, Texas 77024
(713) 337-0750
Fax:    (713) 337-0760

**Attorneys for Pac-Van, Inc.**

- 6 -

15

08/28/2008 14:36 FAX 8514516362                 SUPPLY & MARKETING                          ☑002/003

**SO - 274986**
**Customer ID: GHSINC**



Pac-Van, Inc.
7700 South Freeway
Fort Worth, Texas 76134
(817) 727-8015
Fax (817) 727-8089

CUSTOMER:
CUSTOMER NAME: David Khan
BUSINESS NAME: GHS Inc.
ADDRESS:
CITY, STATE, ZIP: Galveston, TX
PHONE: 831-355-4339
FAX:
E-MAIL:                                         QUOTE DATE: 8/28/08
                                                THIS QUOTE IS GOOD FOR 30 DAYS

*12' X 60' Mobile Office (12 X 36 box size) per the enclosed floor plan.*

MONTHLY LEASE RATE
SALES TAX ON LEASE RATE (8.25%)                 $405.00  PER MONTH
ESTIMATED MONTHLY TRAILER PROPERTY TAX)         $33.40   PER MONTH
                                                $24.30   PER MONTH

MONTHLY STEP LEASE RATE 2 SETS @ $20/EA         $40.00   PER MONTH
SALES TAX ON STEP LEASE (8.25%)                 $3.95    PER MONTH
EST. MONTHLY STEP PROPERTY TAX                  $2.76    PER MONTH

LEASE TERM                                      3 months

DELIVERY FREIGHT
BLOCK AND LEVEL                                 $1,400.00  ONE TIME
ANCHOR/TIE DOWNS                                $505.00    ONE TIME
                                                $110.00    ONE TIME

DISMANTLE
REMOVE ANCHORS/TIE DOWNS                        $605.00    ONE TIME
RETURN FREIGHT                                  $95.00     ONE TIME
                                                $1,400.00  ONE TIME

(1) This Rental Agreement is subject to the terms and conditions of the Master Lease Agreement.
(2) Lessee is responsible for repairing any and all building permits, licenses or approvals necessary for use of the leased equipment, performing normal preventative maintenance, and returning the leased equipment in the same condition as received (less normal wear and tear). Additional charges will be incurred if cleaning and/or repairs are needed to return leased equipment to original condition.
(3) Lessee is required to either provide an acceptable insurance certificate or pay Lessor's insurance waiver fee (if eligible).
(4) In addition to the above prices, Lessee shall also pay Lessee any sales and use taxes, personal property taxes, and for any other fees or taxes imposed by any governmental entity or taxing authority related to the leased equipment for its use.
(5) Agreement is contingent upon final acceptance and credit approval by Pac-Van, Inc.

GHS            David Khan              Pres./Partner            8/28/08

(5) Pricing assumes hard, compact and accessible soil.
(6) Transportation and site provision may be subject to permitting, weather delays, transportation restrictions or fuel surcharges.
(7) Block and anchors not quoted as it hasn't been exceeding prompt payment upon initial invoice and completion of services within two invoices.
*Actual pricing may vary if services are either not paid in full with initial invoice or are thereupon beyond stipulated lease days.*



PVI 00035                                                                                  **16**



☒ 005/005

**MASTER LEASE AGREEMENT**

This Master Lease Agreement is made between Pac-Van, Inc., herein called the Lessor, and CBH Inc, herein called the Lessee. Lessor and Lessee enter into this Master Lease Agreement with the understanding that the rental transactions between Lessor and Lessee as forth on the attached Rental Agreement will be subject to the terms, provisions, conditions, and agreement of this Master Lease Agreement. The terms and conditions contained on the Rental Agreement become integral parts of this agreement. For purposes of this Master Lease Agreement, the term "leased equipment" may include any item and their contents supplied by Lessor to Lessee.

**RENTAL TERM.** The rental term of each Rental Agreement begins upon initial delivery of the leased equipment to the Lessee's site or upon renewal term by Lessor ... [illegible] ...

**RENTAL RATE AND CHARGES.** Pricing assumes a level and compact site with reasonable accessibility. If Lessor reasonably determines there ... [illegible] ...

**PAYMENT TERMS AND CANCELLATION CHARGES.** Unpaid balances beyond 10 days after due date is fee may incur fees as possible, and interest of 1% of the maximum allowed by law if such amount is lower. A deposit payment may be required for some transactions.

**LESSEE'S INSPECTION & ACCEPTANCE.** There are no warranties that extend beyond the description on the Rental Agreement and no otherwise provided herein. Lessee is leasing the leased equipment in the condition delivered to Lessee, which Lessee represents to have been chosen and as otherwise made and in a safe condition. The Lessee shall have the right to inspect all leased equipment ... [illegible] ...

**CARE & MAINTENANCE.** The Lessee shall, at its own expense and at all times, maintain the leased equipment in good and safe condition, including plans, wiring, plumbing, HVAC installation, and any other system or items leased with the equipment ... [illegible] ...

**LOSS AND DAMAGE.** All personal property placed or leased in the leased equipment shall be at the risk of the Lessee or owner thereof. Lessor shall not be liable for any damage to said personal property, or to the Lessee, or any other person arising from any cause whatsoever, including any act of negligence of any co-tenant or occupants of the leased equipment, or damage covered by an act of God (such as tornado, hurricane, lightning, earthquake, hail, wind, rain, or snow), unless such damage is caused by the negligence or willful conduct of Lessor ... [illegible] ...

**INSURANCE** Lessee, at its own expense, shall insure the risks of loss or damage. Lessee must carry commercial general liability insurance insuring both Lessee and Lessor against loss. The general liability insurance amounts used not be less than $1,000,000 bodily injury per person, $1,000,000 bodily injury per occurrence, $1,000,000 property damage per occurrence, and Lessee must be named on any additional insured. Lessee must carry fire, windstorm and extended coverage casualty insurance for the agreed upon value of the leased equipment and Lessor must be named on the loss payee. Lessee shall provide Lessor with a Certificate of Insurance demonstrating compliance with the insurance requirements as stipulated in this Master Lease Agreement. The Certificate must be received at the Lessor's Corporate Office, 2095 South Sterling Street, Indianapolis, Indiana, 46285. The required insurance policy shall be procured with a company having an AM Best rating of no less than A- VI. Lessee shall require the insurance company providing the policy to endeavor to provide notice of any change at least 30 days prior to the effectiveness thereof.

**USE, ASSIGNMENT & SUBLETTING** The Lessee shall not assign a Rental Agreement, nor sublet the leased equipment, or any part thereof without the prior written consent of the Lessor nor use the equipment for any unlawful purpose, nor make any alterations thereto or additions thereon, without the written consent of the Lessor. All additions, fixtures or improvements that are made by Lessee, shall become the property of Lessor and remain with the leased equipment or be purchased but be surrendered with the leased equipment at the termination of the Rental Agreement. Any assignment subletting or use by the Lessee, which violates the Rental Agreement may, at the option of the Lessor, result in the immediate termination of the Rental Agreement. Lessee may assign or sell a Rental Agreement and leased equipment to a third party.

**LOCATION** Lessee shall provide Lessor with fourteen (14) days written notice of intent to relocate the equipment and shall relocate only after receiving written permission from Lessor. Lessee shall advise Lessor of the exact location of the leased equipment upon request by Lessor.

**UTILITIES** All applications and connections for necessary utility services to the leased equipment shall be made in the name of the Lessee only, and Lessee shall be solely liable for all billings charges as they become due, including but not limited to electricity, water, sewer, and telephone services.

**RIGHT TO ADVERTISE** Lessee shall also have the right to affix signs or stickers of the Lessee to the equipment. Defacing or damage to the signage or stickers is considered damage to the equipment.

**ORDINANCES, STATUTES & COVENANTS** The Lessee shall promptly execute and comply with all statutes, ordinances, rules, orders, regulations, and requirements of any governmental entity applicable to use of the leased equipment, and with the occupation, ownership, and statement of nuisance or other grievances, in, upon, or connected to the leased equipment, except to the extent the same is caused by Lessor in which case Lessor shall be responsible therefor. Lessee's obligation to comply with all statutes, ordinances, rules, orders, and regulations includes Lessee's liability for any penalty, fees, fines, fines, or other costs associated with Lessee's compliance. The equipment and any part thereof is and shall remain the property of the Lessor and the Lessee shall have no right, title or interest therein or thereto except as provided in the Rental Agreement. Lessee shall provide notice to Lessor of any attachment or other judicial process against Lessor affecting the leased equipment and Lessee shall defend such claims at the expense of Lessor on behalf of Lessor.

**DISCLAIMER OF IMPLIED WARRANTIES** Lessor disclaims any warranty of merchantability with respect to the leased equipment. Lessor disclaims any warranty of fitness for any particular purpose whatsoever with respect to the leased equipment and Lessee acknowledges that it is not relying on the Lessor's skill or judgment to select or furnish leased equipment suitable for any particular purpose. Lessee is responsible for verifying that the leased equipment is appropriate for Lessee's use. In the case of custom equipment, the Lessee is responsible for providing written (a) floor plan(s), (b) specifications, and (c) finish selections.

**DEFAULT AND EVICTIONS** The prompt payment of rent and other charges for leased equipment, and the faithful observance of the terms and conditions related upon the Master Lease Agreement and the Rental Agreement are the conditions upon which the equipment rental transactions are made and accepted. Any failure on the part of the Lessee to comply with these terms and conditions (including abandonment or suffering the rent to be in arrears) shall, at the option of the Lessor, cause default of this contract and all of the rights of the Lessee immediate. Upon such default the Lessor or his agents shall have the right to enter and take the leased equipment at reasonable times during business hours and remove all personal therefrom and take possession of the equipment. The Lessee accepts responsibility for any and all damage to Lessee's property occasioned by such taking of possession in the event of default. Any personal property in the leased equipment after the leased equipment has been recovered due to default shall be held by Lessee for a period of 3 days, and if not collected by Lessee within such period may be disposed of at its sole discretion of Lessee. Also, upon default, Lessor expressly waives any and all notice required by law and may legal proceedings to recover Lessee from occupancy or possession of the leased equipment upon default of this Agreement. Any said taking of possession shall not constitute a termination of the Lessor upon Lessor under this Master Lease Agreement unless the Lessor expressly notifies the Lessee in writing. Notwithstanding any said repossession, or any other action which Lessor shall take, Lessee shall be and remain liable for the full performance of the obligations to be performed under the Master Lease Agreement, provided that Lessor shall make reasonable efforts to mitigate damages.

**RIGHT TO ENTER** The Lessor, or any of its agents, shall have the right to enter the leased equipment during all reasonable hours at a time agreed to between Lessor and Lessee to examine the same to make such repairs, additions or alterations as may be deemed necessary for the safety, comfort, or preservation thereof and to restore placards, signs, fixtures, alterations, or additions that do not appear in the Master Lease Agreement. Any repairs needed as a result of a defect in the leased equipment shall be at the sole cost of Lessee.

**BANKRUPTCY** If the Lessee becomes insolvent or bankruptcy proceedings are begun by or against the Lessee before the return of the leased equipment, the Lessee is deemed to be in default and the Lessor is hereby irrevocably authorized at its option to cancel this Master Lease Agreement. Lessor may elect to accept rent from Lessee's receiver, trustee, or other judicial officer without affecting Lessor's rights as contained in this Master Lease Agreement, but no receiver, trustee or other judicial officer shall have any right title to, or interest in the leased equipment.

**ATTORNEY FEES AND FORUM SELECTION** With respect to any claim or dispute arising under or in connection with this Master Lease Agreement or any Rental Agreement hereunder, or with respect to any proceeding to enforce this Master Lease Agreement or any Rental Agreement in connection herewith, (a) the prevailing party shall be entitled to recover all expenses in connection therewith, including reasonable attorney's fees, from the non-prevailing party, and (b) any such claim or matter may be filed and adjudicated in any state or federal court situated in Galveston County, Texas, and Lessee and Lessor hereby consent and submit to personal jurisdiction over them in any such court in Galveston County, Texas.

**ASSIGNMENT** This Master Lease Agreement shall bind the Lessor and its assigns or successors, and the heirs, assigns, administrators, legal representatives, assignees or successors as the case may be, of the Lessee.

**TIME OF THE ESSENCE** It is understood and agreed between the parties that time is of the essence of the Master Lease Agreement and this applies to all



08/28/2008 14:57 FAX 8574515802    SUPPLY & MARKETING    @005/005

PVI 00038

19

NO. 10CV1500

| | | |
|---|---|---|
| CHARLES VASTINE | § | IN THE DISTRICT COURT OF |
| V. | § | |
| | § | GALVESTON COUNTY, TEXAS |
| LEE STRUBE; TANYA KOCH; | § | |
| AND PAC-VAN, INC. | § | 405th JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Charles Vastine, Plaintiff, complaining Lee Strube; Tanya Koch; and Pac-Van, Inc. Defendants, and for cause of action would respectfully show the Court and jury the following:

### I.

This Petition is being filed under Level 2 of Rule 190.1.

### II.

Plaintiff is a resident citizen of Dickerson, Galveston County, Texas.

Defendant, Lee Strube, is an individual who may be served with citation at his place of employment located at 770 S. Freeway, Ft. Worth, TX 76134.

Defendant, Tanya Koch, is an individual who may be served with citation at her place of employment located at 770 S. Freeway, Ft. Worth, TX 76134.

Defendant, Pac-Van, Inc., is an Indiana corporation doing business in the State of Texas for the purpose of monetary profit and may be served with citation by serving its registered agent for service, Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company, 211 E. 7th St., Suite 620, Austin, TX 78701.



20

III.

Venue is proper in Galveston, Texas, pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code, because the incident which forms the basis of this suit occurred in Galveston County, Texas, and Defendant does business in Harris County, Texas.

The Court has Jurisdiction over this controversy because Plaintiff seeks damages within the jurisdictional limits of this Court.

IV.

On or about May 28, 2009, Plaintiff Charles Vastine suffered personal injury damages when he fell in a work trailer. The fall was attributable to the condition of the flooring. Specifically, the floor was structurally unsound and had degraded due to the presence of water/moisture. The work trailer had been inspected and dispatched to Plaintiff's work site by Defendants Lee Strube and Tanya Koch. Defendant Pac-Van, Inc. acknowledged that it owned the trailer at the time of the fall of Plaintiff. However, the condition of the trailer flooring, its readiness, its limitations and the implied and expressed representations of fitness (and use) were made by Defendants Strube and Koch. The flooring was unsuitable for its intended purposes and was in a state of disrepair when it was rented by to Plaintiff's employer. Defendant Pac-Van is liable for the acts and omissions of its employees under respondeat superior. Plaintiff also has a right to recovery from Defendants Strube and Koch and Defendant Pac-Van for violations of the Texas Deceptive Trade Practices Act, as the trailer failed to possess the implied and express characteristics of adequate flooring. The passive and active negligent acts and omissions of Defendants were one proximate cause of the injuries sustained by Plaintiff.

As a result of the fall Plaintiff suffered physical injuries that have necessitated surgery. As a result of Defendants negligent acts and omissions and subsequent injuries, Plaintiff seeks to

21

recover for past and future medical expenses; wage loss (and loss of earning capacity); past and future impairment; past and future pain and sufferings/mental anguish; and past and future disfigurement.  Plaintiff also seeks to recover taxable court costs and attorney's fees as allowed under existing law as the wage loss and medical expenses are economic damages recoverable under the Texas DTPA.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final trial hereof, Plaintiff recovers from said Defendants actual damages.

Respectfully submitted,

CRIACO & ASSOCIATES

By _____
    Adam P. Criaco
    SBOT 05075770
    519 N. Sam Houston Pkwy. E., Suite 500
    Houston, TX 77060
    Telephone:  (713) 663-6600
    Facsimile:  (713) 663-7923

ATTORNEY FOR PLAINTIFF

22

# THE DISTRICT COURTS OF GALVESTON COUNTY
## CIVIL CASE INFORMATION STATEMENT

STYLE:

_____

_____

_____

_____

COURT NO. _405th_

CASE NO. _10CV1900_

FILED BY: ____✓____  Plaintiff

_____  Defendant
Other

Name of Primary Attorney filing this form _____

Bar No. _____

Address _____

City _____ State _____ Zip _____
( )
Phone No. _____ Fax No. _____

Name of Opposing Attorney, if known _____

Bar No. _____

Address _____

City _____ State _____ Zip _____
( )
Phone No. _____ Fax No. _____

Briefly describe the case, including special characteristics that may warrant extended discovery or accelerated disposition.
If discovery LEVEL 3 is requested, explain why.  Attached additional sheets, if necessary.

Estimated time for discovery: _____

Do you presently anticipate adding any parties? _____

Level Assignment Preferred:

LEVEL 1 _____
$50,000 or less

LEVEL 2 _____
All Other Cases

LEVEL 3 _____
Court Order Only

Is this case suitable for ADR? _____

Signature of Attorney _____

Printed Name of Attorney: _____

Estimated Trial Time: _____

When? _____

ADR Method: _____

Date _____

## All Status Conferences will be set for Thursday following 90 days from the date of filing.
## YOUR STATUS CONFERENCE IS SET AS FOLLOWS:

| | | |
|---|---|---|
| 10TH District Court | 10:00 a.m. | _____ |
| 56th District Court | 9:30 a.m. | _____ |
| 122nd District Court | 9:30 a.m. | _____ |
| 212th District Court | 9:00 a.m. | _____ |
| 405th District Court | 9:30 a.m. | _8/26/10_ |

23

Civil Citation,

KAR
6-15-10

**CITATION**
**THE STATE OF TEXAS**
CASE NO. 10CV1500 – 405th District Court

**CHARLES VASTINE**

VS.

**LEE STRUBE, ET AL**

Issued To: **LEE STRUBE, 770 S. FREEWAY, FT. WORTH, TX 76134**

**NOTICE TO DEFENDANT:** You have been sued. You may employ an Attorney. If you or your attorney DefendantGreetings: does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. The ORIGINAL petition was filed on the 28TH day of MAY 2010 in cause number 10CV1500 pending before the 405TH District Court of Galveston County, Texas. See attached ORIGINAL Petition for named parties to the suit.

The name and address of the Pro Se party or Attorney:
ADAM P. CRIACO
CRIACO & ASSOCIATES
519 N. SAM HOUSTON PKWY. E, SUITE 500
HOUSTON, TX 77060

The nature of the demand of the Plaintiff is shown by a true and correct copy of the ORIGINAL Petition attached to this citation.

If this citation is not served it shall be returned unserved.
Issued and given under my hand and seal of Court at Office, June 2, 2010 A.D.

A Status Conference is set for: 8/26/10 at 9:30 a.m.
Please refer to and complete the attached Status Conference Sheet. Upon completion, please return to Clerk of Court.

**LATONIA D. WILSON, District Clerk, Galveston County, Texas,**
600 59th Street, Suite 4001, Galveston, Texas 77551

By: _____
Shelby Franco, Deputy Clerk

**OFFICER'S RETURN**

Came to hand on the _____ day of _____, _____ at _____ o'clock at _____ .M. Executing Within the County of _____ at _____ o'clock _____.M. on the _____ day of _____, _____. By delivering to the within the named Defendant by serving:

Each in person a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery. Total fee for serving citation $_____

Name of Officer or Authorized & Disinterested Person
By:_____, County, Texas
_____, Signature of Deputy of Authorized & Disinterested Person
Authorized & Disinterested person's Verification:
On this the day personally appeared_____, known to me to be the person whose signature appears on the foregoing return. After being duly sworn by me, he/she stated that this citation was executed by him/her in the exact manner recited on the return.
Sworn to and subscribed before me, on this the _____ day of _____, _____.
Notary's Name Printed:_____
Notary Public in and for the State of Texas_____

24

AUG. 3. 2011 11:44AM     CRIACO & ASSOCIATES                     NO. 6286    P. 2

# CRIACO & ASSOCIATES
## ATTORNEYS - AT - LAW
519 N. SAM HOUSTON PARKWAY E. • SUITE 500 • HOUSTON, TEXAS 77060-4051
TELEPHONE 713-663-6600 • FACSIMILE 713-663-7923

ADAM P. CRIACO
BOARD CERTIFIED PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

August 3, 2011

Ms. Latonia D. Wilson
Galveston County District Clerk
600 59th St., Suite 4001
Galveston, TX 77551-2388

Re:     Cause No. 10CV1500; *Charles Vastine v. Lee Struba; Tanya Koch; and Pac-Van,
        Inc.;* in the 405th Judicial District Court of Galveston County, Texas

Dear Madam:

Please file the enclosed document, detailed below, among the papers of the above-captioned
cause, in your usual and customary manner.

### Plaintiff's Third Amended Original Petition

Please file-mark the enclosed copy of this letter and document acknowledging receipt and
filing of same, and return the document to our office in the enclosed self addressed stamped
envelope.

Thank you for your assistance.

Best personal regards,

Adam P. Criaco

APC/ro



25

NO. 10CV1500

| | | |
|---|---|---|
| CHARLES VASTINE | § | IN THE DISTRICT COURT OF |
| V. | § | |
| | § | GALVESTON COUNTY, TEXAS |
| LEE STRUBE; TANYA KOCH; | § | |
| AND PAC-VAN, INC. | § | 405th JUDICIAL DISTRICT |

## PLAINTIFF'S THIRD AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Charles Vastine and Holly Vastine,  Plaintiffs, complaining Lee Strube; Tanya Koch; and Pac-Van, Inc. Defendants, and for cause of action would respectfully show the Court and jury the following:

I.

This Petition is being filed under Level 2 of Rule 190.1.

II.

Plaintiff is a resident citizen of Dickerson, Galveston County, Texas.

Defendant, Lee Strube, has appeared and answered.

Defendant, Tanya Koch, has appeared and answered.

Defendant,  Pac-Van, Inc., has appeared and answered.

III.

Venue is proper in Galveston, Texas, pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code, because the incident which forms the basis of this suit occurred in Galveston County, Texas, and Defendant does business in Harris County, Texas.

The Court has jurisdiction over this controversy because Plaintiffs seek damages within the jurisdictional limits of this Court.

26

## IV.

On or about May 28, 2009, Plaintiff Charles Vastine suffered personal injury damages when he fell in a work trailer. The fall was attributable to the condition of the flooring. Specifically, the floor was structurally unsound and had degraded due to the presence of water/moisture. The work trailer had been inspected and dispatched to Plaintiff's work site by Defendants Lee Strube and Tanya Koch. Defendant Pac-Van, Inc. acknowledged that it owned the trailer at the time of the fall of Plaintiff. However, the condition of the trailer flooring, its readiness, its limitations and the implied and expressed representations of fitness (and use) were made by Defendants Strube and Koch. The flooring was unsuitable for its intended purposes and was in a state of disrepair when it was rented by to Plaintiff's employer. Defendant Pac-Van is liable for the acts and omissions of its employees under respondeat superior. Plaintiff also has a right to recovery from Defendants Strube and Koch and Defendant Pac-Van as the trailer failed to possess the implied and express characteristics of adequate flooring. The passive and active negligent acts and omissions of Defendants were one proximate cause of the injuries sustained by Plaintiff.

As a result of the fall Plaintiff suffered physical injuries that have necessitated surgery. As a result of Defendants negligent acts and omissions and subsequent injuries, Plaintiff seeks to recover for past and future medical expenses; wage loss (and loss of earning capacity); past and future impairment; past and future pain and sufferings/mental anguish; and past and future disfigurement.

On or about May 28, 2009, Plaintiff Holly Vastine suffered consortium damages due to the injuries suffered by her husband. As a result of the injuries suffered by her husband (said injuries caused by the negligent acts and omissions of Defendant) Plaintiff has suffered damages of $50,000.00. Plaintiff will show that Defendant (by and through its agents) provided a work trailer

27

AUG. 3. 2011 11:45AM    CRIACO & ASSOCIATES                              NO. 6286   P. 5

that had previously been subjected to flooding that caused the floor to be weakened and unfit for its intended use. Plaintiff's husband fell through the flooring and suffered injuries to his shoulder. As a result of the shoulder injury, Plaintiff's husband could not work or help around the house. Plaintiff has suffered economic losses along with the loss of care, comfort and support that was previously provided by her husband. These damages are due to the negligent acts and omissions of Defendant as well as the creation of a condition that Defendant knew (or should have known about).

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final trial hereof, Plaintiff recovers from said Defendants actual damages, taxable court costs and all equitable relief to which Plaintiffs may be entitled.

Respectfully submitted,

CRIACO & ASSOCIATES

By: *Adam P. Criaco*

Adam P. Criaco
SBOT 05075770
519 N. Sam Houston Pkwy. E., Suite 500
Houston, TX 77060
Telephone: (713) 663-6600
Facsimile: (713) 663-7923

ATTORNEY FOR PLAINTIFF

28

The Hanover Insurance Company
Claims Document Management
Mail Station S-024
440 Lincoln Street
Worcester, MA 01653

October 5, 2009

CHS, Inc.
5500 Cenex Drive, MS
Inver Grove Heights, MN 55077

**Via Certified Mail**
**Return Receipt Requested**

Re:  Hanover Policyholder:     Pac-Van, Inc./Pac-Van Leasing Sales
     Claimant Name:            Charles Vastine
     Date of Occurrence:       05/28/2009
     Our Claim Number:         14-00214911

Dear Madam/Sir:

Hanover Insurance Company is the insurance carrier for Pac-Van, Inc.  On 7/01/09, we received notice of the above-referenced matter, a personal injury claim, which reportedly occurred in Galveston County, Texas.

The signed Master Lease Agreement between our insured, Pac-Van, Inc., Lessor, and CHS, Inc., Lessee, is enclosed.  Our insured acknowledges ownership of the trailer where Mr. Vastine fell; however, CHS, Inc. leases the property from our insured and is bound by contract terms and conditions. Specifically, we refer you to the following:

**LOSS AND DAMAGE:** All personal property placed or moved in the leased equipment shall be at the risk of the Lessee or owner thereof. Lessor shall not be liable for any damage to said personal property, or to the Lessee, or any other person arising from any cause whatsoever, including any act of negligence of any co-tenant or occupants of the leased equipment, or damage caused by an act of God (such as tornado, hurricane, lightning, earthquake, hail, wind, rain or snow), unless such damage is caused by the negligence or willful conduct of Lessor.  Lessee also assumes and shall bear the entire risk of loss of or damage to the leased equipment or any part of the leased equipment from any cause whatsoever (except ordinary wear and tear) including vandalism from commencement of Rental Agreement to termination or expiration of the Rental Agreement, except to the extent that such loss or damage is caused by the negligence or willful conduct of Lessor.  No loss or damage



29

to the leased equipment or any part thereof shall impair any obligation of the Lessee under the Rental Agreement, which shall continue in full force and effect, except to the extent it is caused by the negligence or willful conduct of Lessor or as otherwise provided in this paragraph. In the event of loss or damage of any kind whatsoever to any part of the leased equipment, except if such loss or damage is caused by the negligence or willful conduct of the Lessor, the Lessee, at the option of the Lessor, shall: (1) place the leased equipment in good repair, to the same condition as it was delivered to Lessee, ordinary wear and tear excepted, or (2) in the event the leased equipment has been destroyed, pay the Lessor the agreed upon value of the leased equipment as identified on the Rental Agreement.

**INSURANCE:** Lessee, at its own expense, shall insure for risks of loss or damage. Lessee must carry commercial general liability insurance insuring both Lessor and Lessee against loss. The general liability insurance amounts must not be less than $1,000,000 bodily injury per person, $1,000,000 bodily injury per occurrence, $1,000,000 property damage per occurrence, and Lessor must be named as an additional insured. Lessee must carry fire, windstorm and extended coverage casualty insurance for the agreed upon value of the leased equipment and Lessor must be named as the loss payee. Lessee shall provide Lessor with a Certificate of Insurance documenting compliance with the insurance requirements as stipulated in this Master Lease Agreement. The Certificate must be received at the Lessor's Corporate Office, 2995 South Harding Street, Indianapolis, Indiana, 46225. The required insurance policy shall be procured with a company having an AM Best rating of no less than A-V1. Lessee shall require the insurance company providing the policy to endeavor to provide notice of any change at least 30 days prior to the effectiveness thereof.

As outlined above, Pac-Van, Inc. is not responsible for this loss. As we believe CHS, Inc. is contractually obligated to provide insurance for this loss, we are tendering the defense and indemnity of this claim to CHS, Inc. on that basis. We would respectfully request that the appropriate agent of CHS, Inc. and/or the general liability carrier for CHS, Inc. respond, in writing, to this tender within ten (10) days of the date of this letter.

Should you have any questions or concerns, please feel free to contact me directly at the number listed below. My office hours are Monday through Friday, 8:00 a.m. to 4:30 p.m.

Sincerely,

30

Terri Collins
Sr. Liability Adjuster
Phone:  504-461-4443
Fax:  508-928-1214
teacollins@hanover.com

cc:       Pac-Van, Inc.
          Mr. Christopher A. Wilson
          MJ Insurance, Inc.

Hanover Insurance Group
Liability Claims Department
P.O. Box 15148
Worcester, MA 01615-0148
800-477-7661 ext 4208
(504) 461-4208
FAX: 504-469-7563
spyle@hanover.com

April 6, 2010

Mr. Jarvis Dunmore
Liberty Mutual Insurance Company
2815 Forbes Avenue
Hoffman Estates, IL 60192

**CERTIFIED MAIL**

RE:     Our Insured:          Pac-Van Inc. /Pac-Van Leasing & Sales
        Claim Number:          14-00214911
        Date of Loss:          5/28/2009
        Proceedings:           Holly Vastine V. Pac-Van, Inc.,
                               #2009-81993/Court: 295, District
                               Court of Harris County, Texas

        Location of
        Occurrence:            Galveston County, Texas
        Lessee:                CHS, Inc.
        Your Insured:          CHS, Inc.
        Your Claim Number:     P413-133783-01

Dear Mr. Dunmore:

On September 26, 2008 CHS, Inc. entered into a Master Lease Agreement with Pac-Van Inc. pertaining to 12' X 60' Mobile Office. Attached is a signed copy of this lease agreement. Please note the terms of the lease agreement as specified under Lessee's Inspection & Acceptance, Care & Maintenance, Loss and Damage, Insurance and Attorney Fees and Forum Selection.

Hanover wrote to CHS, Inc. on October 5, 2009 and attached a copy of the Master Lease Agreement. At that time we advised that Pac-Van, Inc. is not responsible for this loss and CHS, Inc. is contractually obligated to provide insurance for the injuries and damages associated with this accident. Attached is a copy of this tender letter.

Hanover adjuster Terri Collins spoke to you in December 2009 about the October 5, 2009 tender letter and inquired whether Liberty Mutual on behalf of CHS, Inc. was willing to agree to defend and indemnify Pac-Van Inc. with regard to any claims that would be pursued as a result of Charles Vastine's accident and resulting injuries. At that time you advised that Liberty was reviewing this coverage matter and they would be responding to the tender in the near future.

32

14-00214911
Page 2
April 6, 2010

On March 5, 2010 Pac-Van Inc. was served with the above captioned litigation filed by Holly Vastine, the wife of CHS, Inc. employee Charles Vastine. As you know, Mr. Vastine is alleging he was injured when he fell through the floor of the leased trailer/Mobile Home Office while working for CHS, Inc. He has filed a workers compensation claim as a result of this alleged incident. Attached is a copy of this lawsuit for your review.

Pursuant to the terms of the Master Lease Agreement Pac-Van, Inc. is calling upon CHS, Inc. /Liberty Mutual to defend and indemnify them in this litigation.
We request that an appropriate representative of Liberty Mutual on behalf of CHS, Inc. respond to this tender within the next ten (10) days of the date of this letter. If Liberty Mutual/CHS, Inc. does not agree to defend and indemnify Pac-Van, Inc. with regard to this litigation and it becomes necessary for Pac-Van Inc. to retain legal counsel and provide their own defense of this litigation then legal expenses to proceed in this manner will be included in any future breach of contract action that is pursued by Pac-Van, Inc. against CHS, Inc.

Please direct your questions or response to this tender to my attention. Your prompt response would be appreciated.

Very truly yours,


Susan Pyle
Sr. Litigation Adjuster
THE HANOVER INSURANCE COMPANY

**33**

NATIONAL LIABILITY FIELD CLAIMS MS
HELMSMAN MANAGEMENT SERVICES LLC
PO BOX 95408
HOFFMAN ESTATES IL 60195-5408



Helmsman
Management
Services LLC

Telephone:     (800) 835-6279
Fax:               (603) 334-8081

The Hanover Insurance Company                                    April 15, 2010
Susan Pyle
PO Box 15148
Worcester MA 01615


Claimant: Charles Vastine
Our Claim #: P 413-133783-01
Our Customer: Chs Inc
Date of Loss: 05/28/2009
Your File #14-00214911

Dear Ms Pyle:

We have reviewed the tender request by Pac-Van, Inc. regarding defense and indemnification in the above
referenced suit.  Based on our review of Plaintiff's Original Petition and the terms of the Liberty Mutual
Excess policy at issue, we have determined that the allegations outlined in the complaint filed by the
claimant Holly Vastine against Pac-Van does create a potential for coverage under the Excess policy.  As a
threshold matter, however, please be advised that the Excess policy does not provide any defense to any
entity.  With respect to potential indemnity under the Excess policy, we will provide you indemnity subject
to all of the terms and provisions of the Excess policy as outlined below.

Holly Vastine has filed suit against Pac-Van, Inc. in the District Court of Harris County, Texas.  Vastine
alleges that on may 28, 2009 she suffered consortium damages due to the injuries suffered by her husband.  It
is further alleged the injuries were the result of her husband falling through the floor boards of a work trailer.
It is alleged the work trailer had previously been subjected to flooding that caused the floor to be weakened
and unfit for its intended use. The complaint seeks compensatory damages of $50,000.

By letter dated October 5, 2009, Hanover Insurance Company, as the insurance carrier for Pac-Van, has
asserted coverage for Pac-Van as an additional insured under the Liberty Mutual liability policy issued to
CHS pursuant to the terms of a Master Lease Agreement ("MLA") dated September 26, 2008, between
Pac-Van (as "Lessor") and CHS (as "Lessee").  The trailer at issue, on information and belief, had been
leased by CHS from Pac-Van pursuant to the terms of the MLA, along with any applicable Rental
Agreement.  The particular Rental Agreement for the trailer at issue has not been provided.  Applicable
provisions of the MLA are as follows:

LOSS AND DAMAGE:  . . . Lessor shall not be liable for any damage to said personal property, or to the
Lessee, or any other person arising from any cause whatsoever, including any act of negligence of any
co-tenant or occupants of the leased equipment . . . unless such damage is caused by the negligence or
willful conduct of Lessor.

Lessee also assumes and shall bear the entire risk of loss of or damage to the leased equipment or any part of the leased equipment from any cause whatsoever . . . except to the extent that such loss or damage is caused by the negligence or willful conduct of Lessor. No loss or damage to the leased equipment . . . shall impair any obligation of Lessee under the Rental Agreement . . . except to the extent it is caused by the negligence or willful conduct of Lessor. . . .

INSURANCE: Lessee, at its own expense, shall insure for risks of loss or damage. Lessee must carry commercial general liability insurance insuring both Lessor and Lessee against loss. The general liability insurance amounts must not be less than $1,000,000 bodily injury per person, $1,000,000 bodily injury per occurrence, $1,000,000 property damage per occurrence, and Lessor must be named as an additional insured. . . .

. . .

ATTORNEYS FEES AND FORUM SELECTION: With respect to any claim or dispute arising under or in connection with the Master Lease Agreement or any Rental Agreement hereunder, or with respect to any proceedings to enforce this Master Lease Agreement or any Rental Agreement in connection herewith, . . . any such claim or matter may be filed and adjudicated in any state or federal court situated in Galveston County, Texas, and Lessee and Lessor hereby consent and submit to personal jurisdiction over them in any such court in Galveston, Texas.

Pac-Van is represented in the MLA to have its principal place of business in Indiana. CHS is represented in the MLA as having its business in Minneapolis. These parties selected Texas as a forum selection without expressly stating that Texas law would govern the interpretation of the MLA. However, Pac-Van conducts business in Texas, and the trailer at issue was utilized in Galveston, Texas. It is not unreasonable therefore to assume that this contract was entered into in Texas and/or with a view between the parties that Texas law would govern the contract.

The Excess Liability policy at issue in this claim, No.EB1-641-004264-028, September 1, 2008 to September 1, 2009, was issued out of the Minneapolis, Minnesota sales office to CHS, Inc. in Inver Grove Heights, Minnesota. The Excess policy provides per occurrence limits of $1,000,000, subject to a self-insured retention of $3,000,000 for propane-related incidents, and $2,000,000 for all other incidents. Because the incident at issue in this claim is not propane related, there is an SIR of $2,000,000 that must be satisfied prior to any policy limits being impacted.

As a threshold matter, it must be observed that the Excess policy's insuring agreement makes clear that there is no duty to defend any entity at any time. The insuring agreement states: "We WILL NOT have the duty to defend or investigate any claim or 'suit' seeking damages to which this policy may apply." See, e.g., Coverage A -Bodily Injury and Property Damage Liability, 1. Insuring Agreement (e).

I am informed by counsel that the Loss and Damage paragraph of the MLA does not satisfy the Texas express negligence test. Firstly, the provision is not set out in any fashion such that it would stand apart from the other provisions of the contract. Secondly, the paragraph fails to include any requirement that CHS indemnify Pac-Van for any claim. Thirdly, the paragraph clearly reserves unto Pac-Van liability for claims arising out of Pac-Van's own negligence and willful conduct. Thus, to the extent that Hanover has reference this paragraph in reliance on contractual indemnification under the MLA, such a tender is denied.

Notwithstanding that there is no contractual liability coverage afforded under the Excess policy that would extend coverage to Pac-Van for this claim, Hanover has tendered this claim under the MLA's insurance provision, which requires CHS to maintain general liability insurance in the amount of $1,000,000 for bodily injury per person/per occurrence. CHS was to have Pac-Van named as an additional insured.

The MLA, however, does NOT obligate the CHS liability policy to be primary, non-contributory to any liability policy carried by Pac-Van.

The Excess policy contains an LG 20 19 06 05 blanket additional insured endorsement (at No. 33), which provides that any organization for whom the insured has agreed in writing to provide liability insurance is an additional insured, but only with respect to liability for "bodily injury" or "property damage" arising out of the insured's work or premises or property owned by or rented to the named insured.

Vastine was injured when, working as an employee of CHS in the leased trailer, he fell through the floor of the trailer. Under the broader view, this injury thus "arose out of" the property leased by CHS from Pac-Van. CHS agreed "in writing to provide Liability insurance" to Pac-Van, thereby triggering potential additional insured status to Pac-Van under the Excess policy's blanket additional insured endorsement.

Note, however, that other provisions of this Endorsement apply to Pac-Van's tender:

The following provisions also apply:

1.Regardless of any provisions of any written agreement, policy of insurance, or endorsement, insurance provided to the Additional Insured is excess over the "self-insured amount" [of $2,000,000].

...

3.Where the applicable written agreement does not specify on what basis the liability insurance will apply, this insurance is primary (subject to the "self-insured amount"), and we will share liability in excess of the "self-insured amount" with any other valid and collectible primary insurance available to the Additional Insured.

4.We have no duty to defend the Additional Insured.

...

While we have attempted to address all of the coverage considerations related to this suit, Liberty Mutual reserves all rights under applicable law and the policy. This letter should in no way be construed as a waiver or estoppel of any of the possible coverage defenses afforded by the policy or applicable law.

Sincerely,

JARVIS DUNMORE
CLAIMS CASE MANAGER III

cc: CHS Inc.

000033
HELMSMAN MANAGEMENT SERVICES LLC
NATIONAL LIABILITY FIELD CLAIMS MS
PO BOX 93408
HOFFMAN ESTATES IL 60195-3408

THE HANOVER INSURANCE COMPANY
SUSAN PYLE
PO BOX 15148
WORCESTER MA 01615

*48D04000000000

37

# HANNA & PLAUT LLP
## ATTORNEYS AT LAW

14-214911

Southwest Tower
211 East Seventh Street, Suite 600
Austin, Texas 78701

Telephone (512) 472-7700
Facsimile (512) 472-0205
www.hannaplaut.com

June 7, 2010

**Via Certified Mail Return Receipt**
**Requested No. 7006 0810 0003 5874 6394**
Terri Collins
Sr. Liability Adjuster
The Hanover Insurance Company
Claims Document Management
Mail Station S-024
440 Lincoln Street
Worcester, MA 01653

|  |  |  |
|---|---|---|
| Re: | Hanover Policyholder: | Pac-Van, Inc./Pac-Van Leasing Sales |
|  | Claimant Name: | Charles Vastine |
|  | Date of Occurrence: | 05.28.2009 |
|  | Claim No.: | 14-00214911 |

Dear Ms. Collins:

I am writing on behalf of CHS, Inc. in response to your tender of the above-referenced matter for defense and indemnity. CHS declines your request for defense and notes that any entitlement to indemnity will be based on the terms and conditions of Liberty Mutual Policy No. EB1-641-004264-025 and will be triggered, if at all, only upon satisfaction of the $2 million self-insured retention ("SIR") of that policy. CHS is not responsible for satisfying any portion of this SIR on Pac-Van's behalf.

## MLA

As an initial matter, we note that the referenced "Loss and Damage" clause of the MLA is not an indemnity agreement because it does not require CHS to indemnify or hold Pac-Van harmless for loss. Instead, the clause merely states that Pac-Van will not be liable for certain losses. Similarly, the damage does not impose any obligation on CHS to defend Pac-Van against claims for these losses.

38

05/16/2010 12:13 5044597563 HANOVER INSURANCE GR PAGE 02/04

Terri Collins
June 7, 2010
Page 2 of 3

Insurance Coverage/Allocation of SIR

In accordance with the agreement of the parties, CHS obtained a policy of insurance with Liberty Mutual Insurance Company, Policy No, SB1-641-004264-028. It is CHS's understanding that Pac-Van is an additional insured under Liberty's policy pursuant to the "Blanket Additional Insured" endorsement of the policy. That endorsement provides in pertinent part:

SECTION II-WHO IS AN INSURED is amended to include as an insured any person or organization for whom you have agreed in writing to provide liability insurance. But:

The insurance provided by this amendment:

1.    Applies only to "bodily injury" or "property damage" arising out of (a) "your work" or (b) premises or other property owned by or rented to you.

\* \* \*

The following provisions also apply:

1.    Regardless of any provision of any written agreement, policy of insurance, or endorsement, insurance provided to the Additional Insured is excess over the "self-insured amount."

\* \* \*

3.    Where the applicable written agreement does not specify on what basis the liability insurance will apply, this insurance is primary (subject to the "self-insured amount"), and we will share liability in excess of the "self-insured amount" with any other valid and collectible primary insurance available to the Additional Insured.

4.    We shall have no duty to defend the Additional Insured.

5.    Items 4.c. and d. of the Other Insurance of Section IV will not apply to the Additional Insured.

It is our understanding that Pac-Van's policy with Hanover is a standard CGL policy. Accordingly, Hanover is solely liable for Pac-Van's defense costs and the first $1 million of indemnity payable on Pac-Van's behalf. The Liberty policy does not provide defense coverage. Furthermore, the SIR in the Liberty policy does not constitute "other insurance" for purposes of allocating defense or indemnity costs with the Hanover policy.

39

06/15/2010  12:13    5044597563                    HANOVER INSURANCE GR                    PAGE  03/04

Terri Collins
June 7, 2010
Page 3 of 3

Conclusion

CHS does not have a duty to defend or indemnify Pac-Van in the suit brought by Holly Vastine, and Liberty's duty to contribute toward indemnity would only be triggered after the $2 million SIR is satisfied for this occurrence.

Please feel free to contact me if you have additional questions.

Very truly yours,

Catherine L. Hanna

40

06/16/2010 12:13 5044697563 HANOVER INSURANCE GR PAGE 04/04





CERTIFIED MAIL



HANNA & PLAUT LLP

Southwest Tower
211 East Seventh Street, Suite 600
Austin, Texas 78701

700b 0830 0002 5874 L344

Terri Collins
Sr. Liability Adjuster
The Hanover Insurance Company
Claims Document Management
Mail Station S-024
440 Lincoln Street
Worcester, MA 01653

I, John Odom, District Clerk and Custodian of
Records for District Courts of Galveston County, Texas, do
hereby certify that the foregoing is a true and correct copy
of the original record, now in my lawful custody and filed in
this Office on the _____ day of _____
witness my official hand and seal of office this
_____ day of _____
JOHN D. KINARD, GALV. DISTRICT CLERK
Galveston County, Texas

By: _____ Deputy

41

# EXHIBIT "B"

Electronic Filing Manager

Page 1 of 3
Filed
12 October 17 P3:00
Doryn Danner Glenn
District Clerk
Galveston District

12CV2248          212th CRT

# Galveston County District Courts
ELECTRONIC FILING MANAGER

**Court Information**

Clerk:                                              Dixit, Shailja

**Filing Detail**

| | |
|---|---|
| Status: | Confirmation |
| Official Date/Time: | 10/17/2012 03:00:23 PM |
| Clerk Process Date: | 10/17/2012 04:34:26 PM |
| Case/Cause Number: | 12CV2248 |
| Trace Number: | ED084J017135413 |
| Style/Case Name: | Pac-Van v. CHS, Inc. |
| Filing Type: | New Civil Suit (1-10 plaintiffs) |
| Sealed Document: | No |
| Jurisdiction: | Galveston County District Courts |
| Jurisdiction Type: | District |
| Court/Calendar: | 212th Judicial District Court |
| Hearing Date: | |
| Filing Type and Fee Changes Allowed? | Yes |
| Comments to the Filer: | S/C - 1/17/13 @ 9:00 am |
| Special Instructions: | |

Additional Comments:

**Attorney & Filer Information**

| | |
|---|---|
| Attorney Name: | Brothers, David |
| Attorney Email: | tshacklett@brothers-law.com |
| Bar Number: | 03084300 |
| Law Firm: | Brothers, Sepulveda & Alvarado, PC |
| Address: | 820 Gessner |
| | Suite 1075 |
| City/State/Zip: | Houston, TX 77024 |
| Phone Number: | 713-337-0750 |
| Fax Number: | 713-337-0760 |
| Filer Name: | Brothers, David |
| Filer ID: | TyanneS |
| Filer Email: | tshacklett@brothers-law.com |
| Filer Type: | Attorney |

1

Electronic Filing Manager

**Filing Parties**

| Name | Roles |
|---|---|
| Brothers, David | Filer - Filing Attorney - Plaintiff Counsel |

**Petitioner Attorneys**

| Name | Roles |
|---|---|
| Brothers, David | Filer - Filing Attorney - Plaintiff Counsel |

**Payment Information**

Payment Method: Credit Card - MasterCard, Account # ************5054, Expiration Date - 02/28/2013

**Filing Fees**

County eFiling Fee

New Civil Suit (1-10 plaintiffs)                                        $2.00

                                                                       $255.00

                                        **Filing Fee Total: $257.00**

**Misc. Fees**

Non-Certified Copies (1-15 pages)

   Number of Pages up to 15 (15)                          $15.00

   Number of Copies (1)

Non-Certified Copies (16 or more pages)

   Number of Pages over 15 (7)                             $1.75

   Number of Copies (1)

Issuance of Citation

   Number of Issuances (1)                                 $8.00

                                        **Misc. Fee Total:  $24.75**

                                        **Grand Total: $281.75**

**Document Information**

Number of Documents                               6

**Filing Document**

| File Name: | PacVanPetition.pdf |
|---|---|
| Document Description: | |

**Attachments**

| File Name: | PacVanEx 1.pdf |
|---|---|
| Document Description: | |

| File Name: | PacVanEx 2.pdf |
|---|---|
| Document Description: | |

| File Name: | PacVanEx 3.pdf |
|---|---|
| Document Description: | |

Electronic Filing Manager

File Name:

Document Description:                    PacVAnEx 4.pdf

File Name:

Document Description:                    PacVanCase info sheet.pdf

## Status History

| Status Date | Status | Clerk ID | Clerk Name |
|---|---|---|---|
| 10/17/2012 04:34:26 PM | Confirmation | dixit_s | Shailja Dixit |
| 10/17/2012 04:21:03 PM | Acknowledgement - Open | dixit_s | Shailja Dixit |
| 10/17/2012 03:23:42 PM | Acknowledgement | grobertson | Gale Robertson |
| 10/17/2012 03:20:33 PM | Acknowledgement - Open | grobertson | Gale Robertson |
| 10/17/2012 03:00:55 PM | Acknowledgement | | |

# EXHIBIT "C"

## LIST OF ALL COUNSEL OF RECORD

**Counsel for Plaintiff Pac-Van, Inc.:**
BROTHERS, SEPULVEDA & ALVARADO, P.C.
Karen M. Alvarado
David E. Brothers
Two Memorial City Plaza,
820 Gessner, Suite 1075,
Houston, Texas 77024
Telephone: 713.337.0750
Facsimile: 713.337.0760


**Counsel for CHS, Inc. d/b/a CHS Cooperatives:**
HANNA & PLAUT, LLP
Catherine L. Hanna
Eric S. Peabody
211 East Seventh Street, Suite 600
Austin, Texas  78701
Telephone:  512.472.7700
Facsimile:  512.472.0205

# EXHIBIT "D"

## INDEX OF ALL DOCUMENTS FILED WITH THE COURT

1.   Notice of Removal of Action Under 28 U.S.C. §§ 1332 and 1441(a) (Diversity)

2.   True and correct copies of all pleadings, process and orders served in this action

3.   State Court Docket Sheet

4.   List of all Counsel of Record